IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

Tony A. Gunter,

        Plaintiff,        Case No.

v.

                         JURY DEMAND

Bemis Company, Inc.,

        Defendant.

## COMPLAINT

Plaintiff Tony Gunter had worked for Bemis Company for over twenty-five years when he was sent home and terminated as a direct result of a workplace injury that required surgery and resulted in a disability. Mr. Gunter's physician placed him on MMI on June 27, 2014; prior to this date, Mr. Gunter had been successfully performing his job duties. On his next regularly scheduled day of work, July 3, 2014, Bemis's HR Manager called and told him not to return to work due to the MMI rating. Bemis notified Mr. Gunter that he was terminated on November 3, 2014 because he had "permanent restrictions which we are unable to accommodate." Bemis failed offer Mr. Gunter FMLA and failed to engage in a meaningful interactive process and simply terminated him on a discriminatory perception that he was unable to do his job due to his disability, which was simply not the case. As a result, Mr. Gunter filed this lawsuit for violations of his rights under the FMLA, TDA and Tennessee law.[1]

---

[1] Plaintiff currently has charges pending with the EEOC concerning violations of Title VII as well. He intends to amend this complaint after those charges have been administratively exhausted.

1

## PARTIES

1. Plaintiff is a citizen and resident of Readyville, Tennessee, and a former employee of Defendant.

2. Defendant Bemis Company, Inc. was Plaintiff's employer, operating as a foreign for profit corporation in Bedford County, Shelbyville, Tennessee. At all material times Defendant has been an employer as defined by the FMLA and under state law.

3. At all times material to this action, based on information and belief, Defendant has employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2011 and/or 2012 and is an "employer" as defined by the FMLA, 29 U.S.C. § 2611(4)(A).

4. At all times material to this action, Mr. Gunter was an "eligible employee" under the FMLA pursuant to 29 U.S.C. § 2611(2) and 29 C.F.R. § 825.110.

## JURISDICTION AND VENUE

5. This is an action for unlawful employment practices brought under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA") (Count I); Tennessee Common Law retaliatory discharge (Count II) and the Tennessee Disability Act, T.C.A. § 8-50-103 ("TDA") (Count III).

6. The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is proper under 28 U.S.C. § 1391.

## FACTS

7. Mr. Gunter worked for Bemis from December 18, 1989, until November 3, 2014. While employed by Bemis he worked as a press assistant and press operator.

8. Mr. Gunter was qualified for his job with Bemis and performed his job duties in a

2

competent and satisfactory manner.

9. In 2013 Mr. Gunter underwent surgery to address a workplace injury.

10. After Mr. Gunter returned from time off for surgery due to a work related injury, he was given a more difficult job assignment, refused FMLA to attend required physical therapy and physician's appointments, and subjected to an ongoing retaliatory and discriminatory hostile work environment on the basis of his disability.

11. Mr. Gunter's physician placed him on MMI on June 27, 2014; prior to this date, Mr. Gunter had been successfully performing his job duties.

12. On his next regularly scheduled day of work, July 3, 2014, Bemis's HR Manager, Kathy Young called and told him not to return to work due to the MMI rating. Subsequently, Mr. Gunter requested to come back to work in the job he had been working since his surgery or to work in another job if they now felt he could no longer do his job due to the MMI rating.

13. Bemis refused to consider any option that would allow him to return to work and refused to consider the fact that he had been successfully working since his surgery.

14. Bemis notified Mr. Gunter that he was terminated on November 3, 2014 because he had "permanent restrictions which we are unable to accommodate."

15. Bemis failed offer Mr. Gunter FMLA.

16. Bemis failed to engage in a meaningful interactive process and simply terminated him on a discriminatory perception that he was unable to do his job due to his disability, which was simply not the case.

17. Upon information and belief, Plaintiff was replaced by a person who was not disabled.

## Count I
## Violation of FMLA

18. Plaintiff restates and incorporates herein the foregoing paragraphs.

19. At all times material to this action, Plaintiff was an eligible employee under the FMLA, 29 U.S.C. § 2611(2)(a)(i)(ii).

20. Defendant is an eligible employer under the FMLA, 29 U.S.C. § 2611(4)(A)(i).

21. Plaintiff was entitled to receive FMLA leave to care for his serious health conditions.

22. Defendant subjected Mr. Gunter to disparate terms and conditions of employment after he requested FMLA, including but not limited to, interfering with rights to take FMLA by failing to provide him the required notice of FMLA rights; discouraging him for taking time off that he needed; refusing to grant intermittent leave for his serious health conditions; threatening his job for attendance issues that were directly related to his serious health condition; and finally being terminated from his employment.

23. Defendant's actions constitute both interference and/or retaliation violations of the FMLA.

24. Defendant's conduct was a motivating factor in adverse employment actions suffered by Mr. Gunter.

25. Defendant's conduct harmed and caused damage to Mr. Gunter.

26. As a result, Plaintiff is entitled to recover his damages, including lost wages and benefits, liquidated damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

## Count II
## Violation of State law- Common Law Retaliatory Discharge

27. Plaintiff restates and incorporates herein the above paragraphs in their entirety.

28. Plaintiff was an employee of Defendant and suffered an on the job injury within the scope of his employment.

29. Plaintiff made a claim against Defendant for workers' compensation benefits.

30. Defendant terminated Plaintiff's employment.

31. Plaintiff's claim for workers' compensation benefits was a substantial factor in the employer's motivation to terminate Plaintiff's employment.

32. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

33. As a result, Plaintiff is entitled to recover his damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

### Count III
### Violation of TDA- Disability Discrimination/Retaliation

34. Plaintiff restates and incorporates herein the foregoing paragraphs.

35. Plaintiff was a qualified individual with a disability.

36. Defendant subjected Plaintiff to a hostile work environment and discriminated and retaliated against Plaintiff on the basis of his disability in violation of the TDA.

37. Plaintiff could perform the essential functions of his job with reasonable accommodation.

5

38. Plaintiff was subjected to a hostile work environment and eventually terminated because of his disability and/or in retaliation for his requests for reasonable accommodation and complaints concerning the accommodation process.

39. Plaintiff could perform the essential functions of his job with reasonable accommodation. Plaintiff made requests for reasonable accommodation, including, but not limited to, modification of his work schedule and a flexible start time.

40. Plaintiff was subjected to a hostile work environment and eventually terminated because of his disability and/or in retaliation for his requests for reasonable accommodation and complaints concerning the accommodation process.

41. Plaintiff was subjected to a continuing and on-going campaign of disability harassment in Defendant's workplace because of his disability.

42. Plaintiff reported and/or protested incidents of harassment by supervisors to Defendant's management, the reports were either ignored or rebuffed. Defendant failed to remedy and/or prevent disability harassment in the workplace.

43. Defendant is vicariously liable for the disability harassment perpetrated by its employees to Plaintiff, and is liable for failing to remedy disability harassment in the workplace.

44. Plaintiff's termination was motivated by his disability.

45. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

46. As a result, Plaintiff is entitled to recover damages, including lost wages and benefits, compensatory and punitive damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

## RELIEF REQUESTED

Mr. Gunter respectfully requests:

1. A jury trial;

2. Back pay and damages for lost benefits;

3. Reinstatement or front pay;

4. Compensatory damages for embarrassment, humiliation, stress, anxiety, inconvenience, and loss of enjoyment of life;

5. Punitive damages;

6. Liquidated damages under the FMLA;

7. Attorneys' fees and expenses;

8. Prejudgment interest and, if applicable, post-judgment interest; and

9. Such other and further legal or equitable relief to which he may be entitled.

Respectfully submitted,

/s Heather Moore Collins
Heather Moore Collins BPR # 026099
Anne Hunter Williams BPR # 022407
Collins & Hunter PLLC
1612 Westgate Circle, Suite 218
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@collinshunter.com

*Attorneys for Plaintiff*